# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SHIRLEY BOWER, WIDOW OF
SILAS BOWER,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0415** (BOR Appeal No. 2048859)
                      (Claim No. 860070752)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

**and**

**MCDANIEL MINING COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shirley Bower, widow of Silas Bower, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Anna L. Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 31, 2014, in which the Board affirmed an October 9, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 8, 2012, decision denying Mrs. Bower's request for dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bower worked as an underground coal miner for over thirty-six years. During that time, he worked for Eastern Associated Coal, LLC, and McDaniel Mining Company, but he was forced to retire in 1986 due to breathing problems. Mr. Bower filed an application for workers' compensation benefits based on his exposure to the hazards of breathing minute particles of coal dust while working in the mines. D. L. Rasmussen, M.D., performed the initial pulmonary function testing on Mr. Bower, and it revealed slight obstructive airway impairment and pulmonary parenchymal densities consistent with occupational pneumoconiosis in all six of Mr. Bower's lung zones. Dr. Rasmussen noted that Mr. Bower had smoked three-quarters of a pack of cigarettes a day for thirty-five years until he quit smoking in 1980. Several years later, Dr. Rasmussen evaluated Mr. Bower a second time and concluded that his occupational pneumoconiosis rendered him totally disabled. Mr. Bower was also evaluated by the Occupational Pneumoconiosis Board, and on behalf of the Board, Johnsey L. Leef III, M.D., found that x-rays of Mr. Bower's chest taken in 1997 showed nodular and irregular fibrosis consistent with occupational pneumoconiosis. The Board of Review ultimately granted Mr. Bower a 40% permanent partial disability award for occupational pneumoconiosis based on Dr. Rasmussen's evaluations. Mr. Bower was also granted permanent total disability benefits related to his occupational pneumoconiosis.

On April 3, 2011, several years after the litigation of his life claim, Mr. Bower underwent an exploratory laparotomy at Raleigh General Hospital to evaluate an abdominal mass. The mass was benign, but he developed pneumonia during his recovery from the surgery which caused acute hypoxic respiratory distress. Mr. Bower was then transferred to Charleston Area Medical Center because of symptoms of carotid stenosis. It was then determined that he had significant blockage of his carotid artery. No further operations were scheduled, but on May 6, 2011, Mr. Bower was transported to the emergency room at Raleigh General Hospital where he was pronounced dead. The death certificate stated that the immediate cause of death was pneumoconiosis and listed hypertension and Cachexia as underlying causes of Mr. Bower's death. Mrs. Bower then filed an application for dependent's benefits, but the Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a material cause of Mr. Bower's death. On March 8, 2012, the claims administrator denied Mrs. Bower's application for benefits based on the Board's findings. Following this denial, Dr. Rasmussen reviewed Mr. Bower's records. Dr. Rasmussen found that Mr. Bower suffered from multiple medical problems including chronic lung disease and aortic stenosis. Dr. Rasmussen determined that Mr. Bower died suddenly of an apparent cardiac arrest, but he believed that Mr. Bower's lung disease put him at greater risk of death and decreased his chances of surviving his cardiac event. Gregory J. Fino, M.D., also considered Mr. Bower's records. He found that there were two CT scans performed in 2011 and both scans indicated that Mr. Bower's lung problems were related to a

diffuse interstitial pulmonary process and not occupational pneumoconiosis. He believed that Mr. Bower's death was caused by idiopathic pulmonary fibrosis.

The Occupational Pneumoconiosis Board then testified before the Office of Judges. The Board's radiologist, John A. Willis, M.D., found that the chest x-rays taken in 1998 showed parenchymal opacities that he would interpret as a mild degree of fibrosis consistent with occupational pneumoconiosis. However, he found that the CT scan taken in 2011, immediately before Mr. Bower's demise, showed lung destruction and advanced emphysema as well as non-specific opacities in the upper lungs. Jack L. Kinder, M.D., also testified on behalf of the Board that the CT scan taken before Mr. Bower's death was more indicative of bronchiectasis and emphysematous changes. He believed it was a close case but found that occupational pneumoconiosis was not a material contributing factor in Mr. Bower's death. Dr. Kinder found that Mr. Bower developed pneumonia following an exploratory surgery. He testified that Mr. Bower's lungs could not handle this additional condition and it placed excessive strain on Mr. Bower's heart. Dr. Kinder found that Mr. Bower's death was caused by cardiac arrhythmia due to aortic stenosis. On October 9, 2013, the Office of Judges affirmed the claims administrator's rejection of Mrs. Bower's application for dependent's benefits. The Board of Review affirmed the Office of Judges' Order on March 31, 2014, leading Mrs. Bower to appeal.

The Office of Judges concluded that occupational pneumoconiosis was not a material contributing factor in Mr. Bower's death. It noted that the Occupational Pneumoconiosis Board had considered several chest x-rays taken throughout Mr. Bower's life. It also noted that the Occupational Pneumoconiosis Board believed that Mr. Bower's lung problems were related to chronic obstructive pulmonary disease instead of occupational pneumoconiosis. It found that the Occupational Pneumoconiosis Board repeated this finding in its hearing testimony. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mrs. Bower has not demonstrated that she is entitled to dependent's benefits based on her husband's death. The evidence in the record does not demonstrate that occupational pneumoconiosis "contributed in any material degree" to Mr. Bower's death. *Bradford v. Workers' Comp. Comm'r*, 185 W. Va. 434, 442, 408 S.E.2d 13, 21 (1991). There is evidence that Mr. Bower had extensive exposure to coal dust and was awarded a significant permanent partial disability award for occupational pneumoconiosis. This evidence, however, is not sufficient to support Mrs. Bower's application in light of the Occupational Pneumoconiosis Board's finding that occupational pneumoconiosis did not materially contribute to Mr. Bower's death. Although the Occupational Pneumoconiosis Board found that this was a close case, the Office of Judges properly accorded the Board's medical determination of the cause of Mr. Bower's death "considerable deference" in reaching its own conclusion. *Fenton Art Glass Co. v. W. Va. Office of Ins. Comm'r*, 222 W. Va. 420, 431, 664 S.E.2d 761, 772 (2008). The Occupational Pneumoconiosis Board's opinion is sufficiently supported by the evidence in the record, and Mrs. Bower has not demonstrated on appeal that the Board of Review was clearly wrong. West Virginia Code § 23-4-6a (2005). The Board of Review and the Office of Judges were within their discretion in basing their conclusions on the Occupational Pneumoconiosis Board's opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 27, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman

4